FILED
DISTRICT COU
[illegible] DIVI
[illegible] AUG -4 AM 11:
[illegible]
SOUTHERN DISTRI
OF INDIANA
LAURA A. BRIGG
[illegible]
HK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

Beverly Martin
5560 E. Guthrie Rd.
Heltonville, IN 47436

Plaintiff,

v.

United Collection Bureau, Inc
c/o CT Corporation System, Registered Agent
208 S LaSalle St, Suite 814
Chicago, IL 60604

Defendant.

Case No. 4:08-cv-0118-SEB-WGH

Judge:

**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around February 8, 2008, Defendant telephoned Plaintiff and left a message.

10. During the communication referenced in Paragraph 9, Defendant represented that Plaintiff had expressed an intention to handle the debt "out of court."

11. During the communication referenced in Paragraph 9, Defendant represented that Defendant would not be able to "stop pending actions".

12. On or around February 8, 2008, Plaintiff telephoned Defendant in response to the above-referenced message.

13. During the communication referenced in Paragraph 12, Defendant spoke to Plaintiff in an abusive and intimidating manner.

14. During the communication referenced in Paragraph 12, Defendant made repeated threats to sue Plaintiff for the debt.

15. At the time of the communications referenced above, Defendant had neither the intention nor the ability to sue Plaintiff to recover the debt.

16. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

3

## **PRAYER FOR RELIEF**

29. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: _____
Richard J. Meier
233 S. Wacker
Sears Tower, Suite 5150
Chicago, IL 60606
Telephone: 1.866.339.1156
rjm@legalhelpers.com
*Attorneys for Plaintiff*

4